UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR-S-04-0216-PMP (PAL) |
| ) | |
| v. ) | |
| ) | |
| STUART ROMM, ) | ORDER on REMAND |
| ) | |
| Defendant. ) | |

On May 26, 2004, the a federal grand jury in Las Vegas, Nevada, returned a two-count Indictment charging Defendant Stuart Romm with receiving child pornography in violation of Title 18, United States Code, Section 2252A(a)(2) and possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(b). Romm was convicted by a jury of both charges on September 22, 2004. On November 22, 2004, Romm was sentenced to concurrent mandatory minimum sentences of 180 months as to Count 1 and 120 months as to Count 2.

On July 24, 2006, the United States Court of Appeals for the Ninth Circuit affirmed Romm's conviction, but vacated Romm's sentences and remanded for re-sentencing in accord with the stipulation reached by the parties which the Court of Appeals characterized as follows:

> At sentencing, the government claimed Romm's prior convictions under Florida law for promoting sexual performance by a child and child exploitation by means of a computer were predicate offenses under 18 U.S.C. § 2252A(b). The district court found the Florida statutes were overly broad, but also that Romm's convictions qualified as predicate offenses under the modified categorical approach. The parties agreed at argument that the categorical approach applies but that the record currently does not support the sentence enhancement.

> In accordance with their agreement, we vacate Romm's sentences and remand for resentencing on an open record, allowing the government to supplement the record necessary to apply the modified categorical approach.

455 F.3d 990 (9th Cir. 2006).

The parties have fully briefed the issue for resentencing, and a hearing was conducted before the Court on the matter on November 29, 2006. To assist in determining whether Romm's prior convictions under Florida law for Promoting Sexual Performance by a Child and Child Exploitation by Means of a Computer were qualifying predicate offenses under the modified categorical approach, the record before the Court now consists of the Florida judgment of March 20, 2000, pertinent provisions of Florida statutes, the probable cause affidavit supporting the charged violations of Florida statutes, and the transcript of the plea colloquy proceedings dated April 3, 1998. The Court finds these to be documents properly subject to review in assessing the modified categorical approach in accord with *United States v. Franklin*, 235 F.3d 1165 (9th Cir. 2000) and *United States v. Espinosa-Cano*, 456 F.3d 1126 (9th Cir. 2006). Additionally, this Court concurs with the Government's argument that under *United States v. Guerrero-Velasquez*, 434 F.3d 1193, 1197 (9th Cir. 2006), the fact that Romm entered a plea of no contest in the Florida proceeding is not determinative.

As part of the plea colloquy before the Florida court, Romm stipulated to facts contained within the sworn probable cause affidavit that if proved at trial, in the express judgment of the Florida Court, would in all likelihood result in a conviction of the charges of promoting a sexual performance by a child and computer child exploitation under Florida law. This Court adopts the Government's arguments concerning the elements of the two Florida crimes at issue and finds that Romm's convictions qualify as convictions covered under 18 U.S.C. § 2252A(b)(1). As such, Romm's Florida convictions support

imposition of the enhanced mandatory minimum sentences imposed by this Court on November 22, 2004.

IT IS SO ORDERED.

DATED: February 15, 2007

_____
PHILIP M. PRO
United States District Judge